**Mohamed BAH, Petitioner,**

v.

**DEPARTMENT OF HOMELAND SECURITY, Respondent.**

No. 05–2621–AG.

United States Court of Appeals, Second Circuit.

June 1, 2006.

**40**

Theodore Vialet, New York, NY, for Petitioner.

Michael J. Garcia, United States Attorney for the Southern District of New York; Heidi A. Wendel, James L. Cott, Assistant United States Attorneys, New York, NY, for Respondent.

Present WILFRED FEINBERG, JOSÉ A. CABRANES and PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Mohamed Bah, through counsel, petitions for review of the May 2005 BIA order affirming Immigration Judge ("IJ") Brigitte Laforest's decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA affirms the IJ's decision in one respect of a two-pronged decision, but not the other, this Court reviews the IJ's decision as modified by the BIA decision, i.e., "minus the single argument for denying relief that was rejected by the BIA." *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Secaida–Rosales v. INS,* 331 F.3d 297, 306–07 (2d Cir.2003).

Substantial evidence supports the BIA's and IJ's determinations that Bah no longer has a well-founded fear of persecution in Sierra Leone. The fundamental change of circumstance in Sierra Leone since Bah's departure is sufficient to rebut his claim of asylum based on past persecution. *See* 8 C.F.R. § 208.16(b)(1)(i)(A). The IJ accurately observed that the Country Reports on Human Rights Practices state that the Sierra Leone government has asserted control over the whole country, supported by a larger United Nations peacekeeping force, and that the RUF rebels have completed disarmament and demobilization. The IJ also accurately referenced the peaceful presidential and parliamentary elections held in May 2002, in which Ahmed Tejan Kabbah, the president on

whose behalf Bah claimed to have distributed flyers and posted photographs, was reelected president and the SLPP, the party in which Bah claimed his father was active, won a large majority in Parliament.

To the extent that Bah, in stating that he suffered persecution "at a level that was truly egregious and that shocks the conscience," argues that he warrants a discretionary grant of asylum based on the severity of his past persecution, he has failed to exhaust this issue on appeal to the BIA. *See* 8 U.S.C. § 1252(d); *Theodoropoulos v. INS,* 358 F.3d 162, 166–67 (2d Cir.2004).

Additionally, because Bah fails to challenge the IJ's denial of his request for CAT relief in his petition for review, any challenge to the IJ's resolution of this issue is deemed waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 546 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).